KETHLEDGE, Circuit Judge, concurring in the judgment.
As the court observes, BA Construction concedes on appeal that Knight’s obligation to pay the $130,000 signing bonus had two conditions precedent rather than one. But for that concession, I would have read the contract the same way the district court did.
Additionally, although the court does not decide the issue, I would hold that BA Construction did not substantially breach the contract until March 26, 2004. That is the date when BA Construction informed Knight that it would no longer purchase fuel from Knight. This was a total repudiation of BA Construction’s obligation to purchase fuel form Knight, and therefore constitutes a complete failure of consideration. See Chrysler Int’l Corp. v. Cherokee Export Co., 134 F.3d 738, 743 (6th Cir. 1998) (finding a substantial breach when a party’s conduct frustrated the “essential purpose of the contract”).
The other alleged breaches were not substantial. Instead, they were slight deviations from the contract’s terms, for which the parties provided specific remedies in the contract. See Improvement Agreement ¶ 5(A) (Knight was owed roughly 2 cents per gallon for each gallon below the minimum that BA Construction did not purchase); Franchise Agreement ¶ 3.2(D) (imposing a 1% fee on all checks returned for insufficient funds); Franchise Agreement ¶ 3.3 (imposing a 2 cents per gallon penalty for gas purchased from a different supplier). A party cannot argue that a relatively minor breach warrants rescission, particularly when it can invoke alternative remedies that it previously agreed were sufficient. See Harris v. Chain Store Realty Bond & Mortg. Corp., 329 Mich. 136, 45 N.W.2d 5, 9 (1950) (“When two competent parties, through a process of give and take, reach an agreement it can be presumed that the mutual promises were considered adequate”).
I would therefore find that BA Construction’s only substantial breach occurred on March 26, 2004. On remand, the sole issue for determining liability would be whether Knight approved the plans and designs for the station before that date. If so, then Knight was the first to substantially breach by failing to pay the signing bonus, and is therefore not entitled to recover. If not, then BA Construction was the first to substantially breach, and Knight may proceed on its counterclaim.
Finally, I would reach the merits of BA Construction’s motion for exemplary damages and attorneys’ fees. That motion is *646 based on BA Construction’s Petroleum Marketing Practices Act (PMPA) claim, on which the district court entered summary judgment in favor of BA Construction. Knight does not appeal the resolution of the PMPA claim, so nothing in our decision today affects — and future proceedings in this case will not affect — BA Construction’s entitlement to relief on that claim. I believe that the issues are therefore ripe for our review.
As to the merits, I would affirm the district court’s denial of the motion because it was untimely. Regarding exemplary damages, the district court properly construed the motion as one to alter or amend the judgment. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 175-76, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (a postjudgment motion for discretionary relief that depends on the merits of plaintiffs claim is considered a motion to alter or amend the judgment). The deadline for such a motion is 10 days after judgment, Fed.R.Civ.P. 59(e), and this is a deadline courts lack authority to extend. Fed. R.Civ.P. 6(b)(2). Here, judgment was entered on March 14, 2007, but BA Construction did not file its motion until May 21, 2007. The request for exemplary damages was therefore untimely.
The deadline for filing a motion for attorneys’ fees is within 14 days of the entry of judgment. Fed.R.Civ.P. 54(d)(2)(B)(i). May 21, 2007 was well after this deadline, but BA Construction argues that the time should have been extended due to “excusable neglect.” Fed.R.Civ.P. 6(b)(1)(B). The district court did not find excusable neglect, a decision we review for an abuse of discretion. See Allen v. Murph, 194 F.3d 722, 724 (6th Cir.1999).
BA Construction asserts that there was excusable neglect because it was improper for the district court to issue judgment and close the case. But regardless of the propriety of closing the case, BA Construction was on notice that the court had done so; and BA Construction could have filed a motion within the proper time. The district court did not abuse its discretion in finding that BA Construction’s carelessness was not excusable. See id. at 724 (upholding the denial of excusable neglect based on “the carelessness of the[ ] attorneys in allowing the 14-day period to run”). I would therefore affirm the district court’s denial of BA Construction’s motion for exemplary damages and attorneys’ fees.